**SIGNED THIS: August 20, 2009**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| MICHAEL SUHADOLNIK, | ) | |
| | ) | Case No. 08-71951 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DENMAR BUILDERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 08-7116 |
| | ) | |
| MICHAEL SUHADOLNIK, | ) | |
| | ) | |
| Defendant. | ) | |

**O P I N I O N**

Before the Court is Michael Suhadolnik's Motion to Dismiss the Amended Complaint of Denmar Builders, Inc. ("Denmar"). The Motion to Dismiss raises, *inter alia*, the unsettled question of whether

-1-

the equitable remedy of veil piercing may be applied to members and managers of Illinois limited liability companies. Because this Court finds that the remedy is available, the Court also finds that, although Denmar's Amended Complaint is inartfully drafted in many respects, it does state plausible claims for relief. Accordingly, the Motion to Dismiss must be denied.

Michael Suhadolnik ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 12, 2008. He scheduled unsecured, nonpriority debt to Denmar in the amount of $150,000. The Debtor described the debt as unliquidated, disputed, and the subject of a complaint pending in state court.

On November 26, 2008, Denmar filed a Complaint to Determine Dischargeability of Debt seeking a finding that obligations allegedly owed by the Debtor to it are non-dischargeable. That Complaint was dismissed on February 13, 2009, but Denmar was granted leave to file an Amended Complaint. Denmar filed a two-count Amended Complaint on March 13, 2009. The Amended Complaint asserts that the Debtor owes certain sums to Denmar and that such indebtedness should be declared non-dischargeable because it was incurred through the fraudulent conduct of the Debtor. *See* 11 U.S.C. §523(a)(2)(A). Debtor filed a Motion to Dismiss both Counts I and II of the Amended Complaint on the grounds that both counts fail to state claims upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6); Fed.R.Bankr.P. 7012. Denmar filed a written

response to the Motion to Dismiss, and arguments were heard on May 5, 2009.  Both Denmar and the Debtor were granted leave to file post-hearing supplemental briefs.  The matter is now ready for decision.

In order to withstand a motion to dismiss, a complaint must allege enough facts to plausibly suggest a claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).  A complaint must provide a defendant with fair notice of the claim being made and the grounds for the relief requested.  Id. A complaint should plausibly suggest that the plaintiff has a right to relief by providing allegations that raise the right to relief above the speculative level.  E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

Denmar's Amended Complaint contains a litany of general allegations against the Debtor and against various entities in which the Debtor is alleged to have a controlling interest.  Count I of the Amended Complaint incorporates the general allegations by reference and asserts that the Debtor owes Denmar $678,362.34 plus costs, interest, and attorney fees, and that all such sums should be determined to be non-dischargeable.  Although Count I and the general allegations incorporated therein contain a dizzying array of facts, the essence of Count I can be boiled down to fairly simple statements of breach of contract and fraudulent misrepresentation.

Denmar alleges that it entered into a real estate development contract with Chatham Development LLC ("Chatham"), an entity allegedly owned and controlled by the Debtor.  During the course of activities involved in the real estate development contemplated by the contract, the Debtor is alleged to have personally made both affirmative misrepresentations and misrepresentations by omission to representatives of Denmar.  Denmar alleges that it justifiably relied on the misrepresentations of the Debtor in advancing funds to Chatham and was damaged when those funds were diverted to other entities controlled by the Debtor and not used as required by the contract for the payment of development expenses.  Denmar seeks a non-dischargeable judgment for its losses.

In Count II of the Amended Complaint, Denmar again sets forth a litany of facts about the contract between Denmar and Chatham by incorporating by reference not only the general allegations of the Amended Complaint but also all of the allegations of Count I.  Count II, however, adds new allegations regarding Chatham including numerous facts in support of an allegation that Chatham was operated as an alter ego of the Debtor.  Denmar asserts that the veil of limited liability generally afforded to members and managers of a limited liability company ("LLC") under Illinois law should be pierced in this case, making Debtor personally liable for the debts of Chatham.  Count II seeks judgment against the Debtor for the same amounts described in Count I and a finding that the

judgment is non-dischargeable.

Debtor's Motion to Dismiss argues that Count I should be dismissed because the allegations of Count I relate only to the contract between Denmar and Chatham. Although allegations are made about the Debtor's personal conduct in Count I, Debtor asserts that those allegations pertain to his actions as an agent of Chatham and are insufficient to state a cause of action against him individually. As to Count II, Debtor acknowledges that piercing the veil of an LLC could create personal liability for a controlling owner, but argues that under Illinois law, the equitable remedy of veil piercing applies only to corporations and not to LLCs.

In their arguments and briefs, both parties have concentrated on the issue of whether the veil of an LLC may be pierced under Illinois law.[1] This issue is determinative of whether Denmar is able to state a claim for relief against the Debtor individually to establish personal liability for the debt owed by Chatham to

---

[1] Both parties appear to agree that Chatham is, in fact, an LLC organized under the laws of the State of Illinois and that the Debtor was a member and manager of Chatham. Both parties also acknowledge that the key issue here is interpretation of Illinois law regarding the liability of members and managers for debts of LLCs. Nevertheless, both parties have added confusion to the analysis by using imprecise terminology. Denmar alleges that the Debtor was a shareholder of Chatham and, in several paragraphs of the Amended Complaint, refers to the entity as Chatham Development Inc. Debtor also refers to himself as a shareholder of Chatham and describes the contract with Denmar as one entered into between "two corporations".

-5-

Denmar. Only if Denmar is able to establish Debtor's personal liability for the debt can it then move on to state a cause of action to determine the dischargeability of that debt. Thus, the viability of Denmar's dischargeabilty complaint rests on whether Illinois law allows veil piercing of LLCs.

Veil piercing is an equitable remedy which is generally associated with actions against corporate shareholders. Under certain circumstances, a corporate veil may be pierced and shareholders of a corporation may be held liable for the corporation's debts. *See* In re Rehabilitation of Centaur Ins. Co., 238 Ill.App.3d 292, 296, 606 N.E.2d 291, 299-300 (1992), *aff'd* 158 Ill.2d 166, 632 N.E.2d 1015 (1994). To establish grounds to pierce a corporate veil, proof must be presented that there is a unity of interest and ownership between the corporation and the shareholder and that adherence to the fiction of a separate corporate existence would sanction a fraud or otherwise promote injustice. *See* Main Bank of Chicago v. Baker, 86 Ill.2d 188, 205, 427 N.E.2d 94, 101 (1981)*;* Gallagher v. Reconco Builders, Inc., 91 Ill.App.3d 999, 1004, 415 N.E.2d 560, 563-64 (1980).

In determining whether a corporation is so controlled by another entity to justify disregarding their separate identities, courts consider: (1) the failure of a corporation to maintain adequate records and to comply with corporate formailities; (2) the commingling of funds or assets; (3) undercapitalization of the

corporation; and (4) the treating of corporate assets by a shareholder or other related entity as if those assets were their own.  *See* <u>Sea-Land Services, Inc. v. Pepper Source</u>, 941 F.2d 519, 520 (7th Cir. 1991); <u>Main Bank</u>, 86 Ill.2d *at* 205-206, 427 N.E.2d *at* 102.

Although the concept of veil piercing is a well-established principal of Illinois corporate law, the Debtor argues that Illinois law precludes piercing the veil of an LLC.  The Debtor relies on a portion of the Illinois Limited Liability Act ("Act") which provides in pertinent part as follows:

180/10-10.  Liability of members and managers

(a) Except as otherwise provided in subsection (d) of this Section, the debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company.  A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.

(b)   ( Blank ).

(c)  The failure of a limited liability company to observe the usual company formalities or requirements relating to the exercise of its company powers or management of its business is not a ground for imposing personal liability on the members or managers for liabilities of the company.

(d)  All or specified members of a limited liability company are liable in their capacity as members for all or specified debts, obligations, or liabilities of the company if:

(1) a provision to that effect is contained in the articles of organization; and

>     (2) a member so liable has consented in
> writing to the adoption of the provision or to
> be bound by the provision.

805 ILCS §180/10-10.

Clearly, the Act specifically provides that an individual is not personally liable for the debts of an LLC solely because that individual is a member or manager of the LLC or because the LLC has not observed required formalities.  The Debtor argues, however, that the Act goes even further and bars veil piercing of LLCs under all circumstances including fraud.

One Illinois case, Puleo v. Topel, 368 Ill.App.3d 63, 856 N.E.2d 1152 (2006), appears to provide some support to the Debtor. The issue in Puleo was whether a member or manager of an LLC may be held personally liable for obligations incurred by an involuntarily dissolved LLC.  Because the defendant had not agreed to assume the liabilities of the LLC, the First District, Fourth Division Appellate Court found that the defendant had no personal liability for the LLC's obligations.  Id. *at* 68, 856 N.E.2d *at* 1156. Although Puleo did not directly address the issue of piercing the veil of an LLC, the Debtor seizes upon dicta in Puleo which suggests that a member or manager of an LLC might be shielded from personal liability under all circumstances.  The Puleo court noted that in 1998, the Illinois legislature deleted language from the Act which explicitly provided that a member or manager of an LLC could be held personally liable for the actions of the LLC to the

same extent as a shareholder or director of an Illinois business corporation could be held personally liable.  Noting a lack of legislative history clarifying the intent behind the amendment, the court presumed "that by removing the noted statutory language, the legislature meant to shield a member or manager of an LLC from personal liability."  Id. *at* 69, 856 N.E.2d *at* 1157.

The Debtor's broad reading of Puleo as holding that the piercing of the veil of an Illinois LLC is barred under all circumstances was rejected by the First District, Second Division Appellate Court in Westmeyer v. Flynn, 382 Ill.App.3d 952, 889 N.E.2d 671 (2008).  Although Westmeyer was decided on the basis of Delaware law, the court's opinion contains a thorough analysis of Puleo and concludes that "while the Act provides specifically that the failure to observe corporate formalities is not a ground for imposing personal liability on the members of an LLC, it does not bar the other bases for corporate veil piercing, such as alter ego, fraud or undercapitalization." Id. *at* 960, 889 N.E.2d *at* 678. Other bankruptcy courts have also found that the equitable doctrine of veil piercing applies to Illinois LLCs.  *See, e.g.*, In re Polo Builders, Inc., 388 B.R. 338, 384 (Bankr. N.D. Ill. 2008) ("Both Illinois state courts and United States bankruptcy courts have held that a LLC's members can be held personally liable for acts of a LLC if similar grounds exist that have been traditionally used to pierce the veil of corporations."); In re Teknek, LLC, 343 B.R.

850, 863 *n.6* (Bankr. N.D. Ill. 2006) ("Limited liability companies may be subjected to veil piercing actions in a way similar to the way corporations are deemed alter egos of their shareholders.").

Although the Puleo court correctly noted a lack of legislative history surrounding the 1998 amendment of the Act, it failed to note that the amendatory language appears to have come directly from the Uniform Limited Liability Company Act ("Uniform Act"). The drafters of the Uniform Act included commentary explaining the import of the provision including the following:

> A member or manager, as agent of the company, is not liable for the debts, obligations, and liabilities of the company simply because of the agency. A member or manager is responsible for acts or omissions to the extent those acts or omissions would be actionable in contract or tort against the member or manager if that person were acting in an individual capacity.

Unif. Ltd. Liab. Co. Act §303, comment.

The original provision of the Act provided for identical liability for members and managers of LLCs as shareholders and directors have for corporations. The 1998 amendment substituted a prohibition of actions based solely on member or manager status or based on a failure to comply with statutory formalities. The amendment is silent as to liability for actual wrongdoing or fraud by members or managers. The Puelo court interpreted that silence to mean that those causes of action are barred also. The plain meaning of the statute as amended does not lead to that conclusion. Further, the choice by the legislature to use the language of the

-10-

Uniform Act, which was published with commentary suggesting that causes of action for individual wrongdoing are not shielded by the limited liability veil of an LLC, suggests that the legislature did not intend to bar those causes of action. Creating a super business entity which would shield all wrongdoing and bar all civil causes of action against controlling owners of LLCs even for the most egregious acts of fraud or other wrongdoing would serve no public purpose. Thus, absent a clearly expressed intent of the Illinois legislature to create such an entity, this Court will not presume that such an entity exists. Accordingly, this Court will join the <u>Westmeyer</u> court and find that veil piercing is available with respect to members and managers of Illinois LLCs under traditional veil piercing theories such as alter ego, fraud, or undercapitalization.

Having found that under Illinois law an action may be brought to pierce the veil of an LLC, an analysis must be made of Denmar's Amended Complaint to determine whether claims for relief have been adequately plead. Count II alleges that the Debtor had a controlling interest in Chatham and includes numerous allegations which could plausibly support a finding of alter ego, fraud, or undercapitalization. The allegations are sufficient to withstand the Motion to Dismiss because they sufficiently apprise the debtor of the claim against him. Further, Count II is properly brought in this Court to establish liability for the underlying debt.

Causes of action to establish liability for a debt are properly included in a complaint with actions to determine the dischargeability of that debt. *See* In re Rey, 2005 WL 894820 *at* *5 (Bankr. N.D. Ill. Apr. 18, 2005).

Because Count II states a claim to establish Debtor's personal liability for the debt in question, Count I must be reviewed to determine whether it states a claim for non-dischargeability of that debt. As the claim Denmar seeks to assert is a statutory cause of action, reference must be made to that statute for guidance in determining whether a plausible cause of action has been stated. Section 523(a)(2)(A) provides, in pertinent part, as follows:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt -
>
> > (2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by -
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition(.)

11 U.S.C. §523(a)(2)(A).

In order to prevail on a claim under §523(a)(2)(A), a plaintiff must prove that (1) the debtor made false statements which he knew to be false, or which were made with such reckless disregard for the truth as to constitute willful misrepresentations; (2) the debtor possessed the requisite intent

-12-

to deceive the plaintiff; and (3) the plaintiff justifiably relied on the representations to its detriment. Field v. Mans, 516 U.S. 59, 74-75, 116 S.Ct. 437, 446 (1995); In re Jairath, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001).  Although the above elements are required to be proven in order to ultimately prevail, the cause of action is stated if sufficient allegations are plead to give proper notice of a plausible claim.  A complaint need not include all facts which must be proven at trial.  *See* Rey, 2005 WL 894820 *at* *3.

In Count I, Denmar has plead that the Debtor made false representations both affirmatively and by omission when a duty to speak allegedly existed. Denmar has also plead numerous facts suggesting that the false representations were made intentionally and that it justifiably relied on the Debtor's actions.  Thus, Count I states a plausible cause of action for non-dischargeability and gives the Debtor fair notice of the claim against him.

In denying the Motion to Dismiss, this Court is not finding that there was no merit in any of the issues raised therein.  The Amended Complaint is inartfully drafted and sorely lacks focus. Count I alleges a cause of action for non-dischargeability of a debt but wholly ignores the issue of whether the Debtor is liable for the debt in the first place.  Count II seeks to pierce Chatham's limited liability veil to establish the personal liability of the Debtor for the debt in question, but then goes on

to replead the entire non-dischargeability cause of action bringing into question why Count I was plead in the first place.  Although this Court slogged through the Amended Complaint and found sufficient allegations therein for it to withstand the Motion to Dismiss, Denmar and its counsel are admonished that a significantly more focused presentation will be necessary to prevail at trial.

For the foregoing reasons, the Debtor's Motion to Dismiss Denmar's Amended Complaint will be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###